UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLOTTE FLORAVIT, as ADMINISTRATRIX OF THE ESTATE OF ALVIN G. LECKER , DECEASED<br><br>　　　Plaintiff,<br>vs.<br><br>J.B. HUNT TRANSPORT SERVICES, INC.<br><br>　　　Defendants. | CIVIL DIVISION<br><br>No.　　1:17CV266<br><br><br><br>**COMPLAINT IN A CIVIL ACTION**<br><br>Filed on behalf of Plaintiff:<br>CHARLOTTE FLORAVIT, individually and as ADMINISTRATRIX OF THE ESTATE OF ALVIN LECKER, DECEASED<br><br>Counsel of Record for This Party:<br><br>MICHAEL H. ROSENZWEIG, ESQUIRE<br>E-mail address: mrosenzweig@edgarsnyder.com<br>PA I.D. No. 41248<br><br>CHRISTOPHER T. HILDEBRANDT, ESQUIRE<br>E-mail address: childebrandt@edgarsnyder.com<br>PA I.D. No. 82002<br><br>Firm No. 1605<br><br>EDGAR SNYDER & ASSOCIATES, LLC<br>US Steel Tower, 10th Floor<br>600 Grant Street<br>Pittsburgh, PA  15219-2705<br>412-394-1000<br><br><br><br>**JURY TRIAL DEMANDED** |

#7374901

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLOTTE FLORAVIT, as ADMINISTRATRIX OF THE ESTATE OF ALVIN G. LECKER, DECEASED<br><br>Plaintiff,<br>vs.<br><br>J.B. HUNT TRANSPORT SERVICES, INC.<br><br>Defendants. | ) CIVIL DIVISION<br>)<br>) No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT IN A CIVIL ACTION

AND NOW, comes the Plaintiff, CHARLOTTE FLORAVIT, as ADMINISTRATRIX OF THE ESTATE OF ALVIN G. LECKER, Deceased, by and through her attorneys, EDGAR SNYDER & ASSOCIATES LLC, MICHAEL H. ROSENZWEIG, ESQUIRE and CHRISTOPHER T. HILDEBRANDT, ESQUIRE, and files the following Complaint in a Civil Action, respectfully averring as follows:

### PARTIES

1. Plaintiff, Charlotte Floravit, is an adult individual who resides at 432 Rock Street, St. Marys, Elk County, Pennsylvania. Plaintiff Floravit is a citizen of the Commonwealth of Pennsylvania.

2. Plaintiff was duly appointed, qualified, and is the Administratrix of the the Estate of Alvin G. Lecker, having received said appointment from the Register of Wills of Elk County, Pennsylvania on December 7, 2016.

3. Decedent, Alvin G. Lecker, was born on January 30, 1965, and was 51 at the time of his death. At the time of his death, Decedent was unmarried and resided at 103 Lafayette

#7374901

Street, St. Marys, Elk County, Pennsylvania. Decedent was a citizen of the Commonwealth of Pennsylvania.

4. Defendant, J.B. Hunt Transport Services, Inc. ("J.B. Hunt"), is an entity of unknown precise legal identity, with offices and a regular place of business located at 615 J.B. Hunt Corporate Drive, Lowell, Benton County, Arkansas. According to the latest Form 10-K filed by Defendant with the United States Securities and Exchange Commission, Defendant J.B. Hunt is a citizen of Arkansas.

## STATEMENT OF JURISDICTION

5. This case is brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship. Because Plaintiff is a citizen of the Commonwealth of Pennsylvania, Defendant is a citizen of Arkansas, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court.

6. Venue is appropriate in the United States District Court for the Western District of Pennsylvania since the incident which forms the basis for this Complaint occurred in St. Marys, Elk County, Pennsylvania, as is further described herein below.

## STATEMENT OF CLAIM

7. The incident complained of herein occurred on October 7, 2016 at approximately 4:40 A.M. on S. St. Marys Street, a/k/a Million Dollar Highway, near its intersection with Iron Run Road, in St. Marys, Elk County, Pennsylvania.

8. At all times material hereto, Defendant J.B. Hunt was engaged in the interstate distribution and trucking of freight and other materials within the Commonwealth of Pennsylvania, and operated a fleet of tractors and trailers that were used to transport freight and other materials on the public highways of the Commonwealth of Pennsylvania.

#7374901

9. Defendant J.B. Hunt operated the fleet of tractors and trailers under authority issued to it by the United States Department of Transportation, and is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 80806.

10. At all times relevant hereto, Defendant was subject to the rules and regulations issued by USDOT that govern interstate trucking and the transport of materials on public highways.

11. At all times material hereto, Defendant J.B. Hunt acted by and through its agents, servants and/or employees, who were acting within the scope and course of their agency, duties and/or employment.

12. Upon information and belief, at all times material hereto, the aforementioned unidentified operator of the white J.B. Hunt tractor pulling the white J.B. Hunt trailer was an agent, servant and/or employee of, and/or was under the direct control and/or supervision of, Defendant J.B. Hunt, and was acting within the scope and course of his duties, agency, and/or employment.

### The Hit-and-Run Crash

13. On or about October 7, 2016, at approximately 4:40 A.M., a white tractor truck owned by J.B. Hunt and pulling a white trailer with J.B. Hunt markings, was travelling north on S. St. Marys Street, a/k/a Million Dollar Highway.

14. At the aforementioned time and place, Decedent Alvin Lecker was operating a bicycle northbound along the eastern edge of S. St. Marys Street.

15. At all times relevant hereto, Decedent Alvin Lecker was using marking and warning devices, including but not limited to a blinking rear light.

#7374901

16. At approximately 4:40 A.M. a J.B. Hunt tractor truck pulling a trailer with a blue tarp marked "CertainTeed" ("Blue Tarp Tractor-Trailer") was travelling north on S. St. Marys Street. The Blue Tarp Tractor-Trailer came upon Decedent Alvin Lecker, successfully navigated around Decedent by moving to the left and away from Decedent, and continued northbound into St. Marys, PA.

17. Approximately 20 seconds later, Defendant J. B. Hunt's white tractor truck and white trailer combination, travelling northbound along S. St. Marys Street, came upon Decedent Alvin Lecker and struck Decedent and/or his bicycle, thereby causing fatal injuries.

18. Defendant J.B. Hunt's white tractor truck and white trailer combination did not make any attempt to evade Decedent prior to striking him.

19. Defendant J.B. Hunt's white tractor truck and white trailer combination did not use its brakes in an attempt to slow down or avoid Decedent prior to striking him.

20. Defendant J.B. Hunt's tractor trailer struck Decedent with such force that Decedent's bicycle helmet was shattered into numerous pieces.

21. As evidenced by the actions of the operator of Defendant J.B. Hunt's Blue Tarp Tractor-Trailer, which made a movement to the left to avoid striking Decedent, the operator of Defendant J.B. Hunt's tractor-trailer which ultimately struck Decedent could have and should have seen Decedent, his bicycle, and the aforementioned blinking warning light.

### Defendant J.B. Hunt is Concealing the Identity of the Operator of the Tractor-Trailer Which Struck Decedent

22. Upon information and belief, the tractor truck and trailer combination which struck Decedent and/or his bicycle was operated by an agent, servant and/or employee of Defendant J.B. Hunt.

#7374901

23. On April 13, 2017, Plaintiff requested from counsel for Defendant J.B. Hunt the precise identity of the operator of the aforementioned tractor-trailer, via the following e-mail:

---

**Christopher T. Hildebrandt**

From: Christopher T. Hildebrandt
Sent: Thursday, April 13, 2017 10:24 AM
To: 'Gary Stewart'; Jessica L. Coppola
Subject: RE: SIGNED-REQUESTING CONFIRMATION OF DRIVER OF TRUCK- Attorney STEWART (Created)

Hi Gary:

It is our understanding that you recently produced information and documentation pursuant to a search warrant issued to J.B. Hunt. In the interest of efficiency, can you please provide us with the identity of the tractor-trailer driver at issue in this claim.

Thank you.

Chris

Christopher T. Hildebrandt, Esq.

Edgar Snyder & Associates LLC
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
Phone: 412-395-1676
Fax: 412-391-1646

Website | Bio | Offices | Email

---

24. Plaintiff did not receive a response to the April 13, 2017 email.

25. On August 29, 2017, Plaintiff again requested from counsel for Defendant J.B. Hunt the precise identity of the operator of the aforementioned tractor-trailer. In response, Defendant J.B. Hunt claimed that "no 'decision' has been made as to who the operator was or even if a J.B. Hunt vehicle was involved":

#7374901

> **Christopher T. Hildebrandt**
>
> From: Gary Stewart <gstewart@rawle.com>
> Sent: Wednesday, August 30, 2017 9:05 AM
> To: Christopher T. Hildebrandt
> Cc: Jessica L. Coppola
> Subject: RE: Lecker v. J.B. Hunt
>
> Greetings and good morning:
>
> We acknowledge your inquiry about "identity of the operator of the tractor-trailer at issue". Please be advised that we have responded to search warrants issued by the St. Mary's Police Department as they continue their investigation but it is our understanding that no "decision" has been made as to who the operator was or even if a J.B. Hunt vehicle was involved.
>
> Thank you
>
> Gary N. Stewart, Esq.
> Rawle & Henderson LLP
> Our Nation's Oldest Law Firm
> 240 North Third Street - 9th Floor
> Harrisburg, PA 17101
>
> Pennsylvania, New Jersey, New York, Connecticut, Rhode Island, and Massachusetts
>
> Office 717 234 7730
> Fax      717 234 7710
> Cell     717 433 6230
>
> **From:** Christopher T. Hildebrandt [mailto:childebrandt@edgarsnyder.com]
> **Sent:** Tuesday, August 29, 2017 3:52 PM
> **To:** Gary Stewart
> **Cc:** Jessica L. Coppola
> **Subject:** Lecker v. J.B. Hunt
>
> Mr. Stewart:
>
> We are in the process of preparing a complaint against J.B. Hunt. Once again, in the interest of efficiency, please provide us with the identity of the operator of the tractor-trailer at issue. We are aware that you have already provided his/her identity to the Elk County District Attorney and/or the St. Marys Police Department.
>
> Chris
>
> Christopher T. Hildebrandt, Esq.
>
> Edgar Snyder & Associates LLC
> US Steel Tower, 10th Floor
> 600 Grant Street

26.     Contrary to Defendant J.B. Hunt's assertions, it knows that a J.B. Hunt tractor-trailer was involved in this hit-and-run crash.

#7374901

27. Contrary to Defendant J.B. Hunt's assertions, it knows the identity of the operator of the J.B. Hunt tractor-trailer which Plaintiff alleges struck Decedent.

28. Upon information and belief, Defendant J.B. Hunt, either directly or through its legal counsel, conducted a post-crash interview of both the operator of the Blue Tarp Tractor-Trailer and the operator of the tractor-trailer which Plaintiff alleges struck Decedent.

29. Upon information and belief, Defendant J.B. Hunt produced to the St. Marys Police Department photographs of both the Blue Tarp Tractor-Trailer as well as the tractor-trailer which Plaintiff alleges struck Decedent.

30. Upon information and belief, Defendant J.B. Hunt produced to the St. Marys Police Department and/or the Elk County District Attorney Global Positioning Satellite data which places both J.B. Hunt tractor-trailers on S. St. Marys Street at the time of the crash.

31. Upon information and belief, Defendant J.B. produced to the St. Marys Police Department and/or the Elk County District Attorney the precise identity of the operator of the tractor-trailer which Plaintiff alleges struck Decedent.

32. Plaintiff is unable to precisely identify in this Complaint the operator of the aforementioned tractor truck as Defendant J.B. Hunt has failed, refused, and continues to refuse to provide Plaintiff with the operator's identity.

33. Defendant J.B. Hunt is actively concealing the identity of the operator of the J.B. Hunt tractor-trailer which Plaintiff alleges struck Defendant.

**The Post-Crash Egregious Conduct of Defendant J.B. Hunt's Tractor-Trailer Operator**

34. Defendant J.B. Hunt's tractor-trailer operator, after striking Decedent, did not stop to render aid to Decedent. Instead, Defendant J.B. Hunt's tractor-trailer operator continued northbound into St. Marys, PA as if nothing had happened.

35. Defendant J.B. Hunt's tractor-trailer operator, after striking Decedent, did not summon medical assistance for Decedent. Instead, Defendant J.B. Hunt's tractor-trailer operator continued northbound into St. Marys, PA as if nothing had happened.

36. Defendant J.B. Hunt's tractor-trailer operator, after striking Decedent, did not report the crash. Instead, Defendant J.B. Hunt's tractor-trailer operator continued northbound into St. Marys, PA as if nothing had happened.

37. Defendant J.B. Hunt's tractor-trailer operator, after striking Decedent, did not alert authorities to the crash. Instead, Defendant J.B. Hunt's tractor-trailer operator continued northbound into St. Marys, PA as if nothing had happened.

38. Defendant J.B. Hunt's tractor-trailer operator, after striking Decedent, fled the scene of the crash.

## FIRST CAUSE OF ACTION

## SURVIVAL ACTION

39. Plaintiffs incorporate all facts and allegations above into this cause of action by reference.

40. The collision, injuries, death and damages suffered by Decedent were a direct and proximate result of the negligence, carelessness, wantonness and recklessness of Defendant J.B. Hunt and its aforementioned tractor-trailer operator, generally and in the following particulars:

    a. In attempting to overtake and/or pass Decedent when it was not safe to do so under the circumstances then and there existing;

#7374901

b. In failing to operate the tractor-trailer at a careful and prudent speed while attempting to pass a bicycle;

c. In traveling at an excessive and/or dangerous rate of speed under the circumstances then and there existing;

d. In attempting to overtake a bicycle without giving the bicycle adequate and/or safe space;

e. In failing to slow the tractor-trailer and remain in the right lane behind Decedent until it was safe to pass and/or in failing to slow the tractor-trailer and remain in the right lane until the opposing traffic lane was clear;

f. In attempting to pass a cyclist when it was dangerous and unsafe to do so because of restricted and/or limited sight distance of the roadway and/or traffic conditions;

g. In failing to carefully, fully, properly, adequately, timely, continually, and/or repeatedly observe the bicyclist or for other traffic, including motorists, before and/or during an attempt to overtake a cyclist;

h. In failing to appropriately honk, warn, signal, flash lights, or provide other sufficient warning at an appropriate time to notify Decedent of the tractor-trailer's approach, intent to pass, and/or of the impending collision;

i. In operating the tractor-trailer in such mental and/or physical condition that it was unsafe to do so;

j. In striking and/or contacting Decedent and/or Decedent's bicycle with the tractor-trailer;

k. In failing to yield the right-of-way;

l. In operating the tractor-trailer to the left side of the center of the roadway while overtaking and/or passing a bicycle when the left side and/or oncoming lane was not clearly visible and/or was not free of oncoming traffic for a sufficient distance ahead to permit the overtaking and/or passing to be completely made without interfering with the bicycle;

m. In violating 75 Pa.C.S. §§ 3303, 3305, 3307, 3310, 3361, 3714, & 3744;

n. In interfering with Decedent's lane of travel causing the bicycle to crash;

o. In traveling at an unsafe speed and/or traveling too close to Decedent so as to frighten Decedent thereby causing Decedent to crash his bicycle;

#7374901

p. In forcing Decedent off of the roadway and onto the shoulder and/or berm and/or forcing Decedent to alter his path of travel;

q. In entering the oncoming traffic lane and then re-entering and/or swerving back into Decedent's path of travel;

r. In attempting to overtake the Decedent in the face of oncoming traffic;

s. In attempting to pass a bicycle when oncoming traffic is present;

t. In failing to bring the tractor-trailer to a stop before striking Decedent;

u. In failing to be cognizant of the traffic, road and/or other conditions then and there existing;

v. In operating the tractor-trailer without proper qualifications, training and/or experience;

w. In failing to bring the tractor-trailer to a complete stop before colliding with Decedent;

x. In failing to promptly, timely and/or adequately apply the vehicle's brakes and/or braking system(s);

y. In failing to wait and/or stop the tractor-trailer so as to allow traffic to clear prior to attempting to overtake Decedent;

z. In failing to wait for the opposing traffic lane to clear prior to attempting to overtake Decedent and/or in failing to ensure that the opposing traffic lane was clear and safe to enter prior to attempting to overtake Decedent;

aa. In forcing Decedent onto a shoulder and/or berm;

bb. In failing to promptly and/or properly apply the brakes and/or other stopping devices of the tractor-trailer;

cc. In failing to keep a safe, careful and adequate lookout for individuals and/or cyclists on the roadway, including Decedent;

dd. In failing to maintain the assured clear distance ahead and/or operating the vehicle at such a rate of speed that Defendant was unable to bring the vehicle to a stop within the assured clear distance ahead;

ee. In operating the tractor-trailer in a direction toward Decedent's bicycle when Defendant knew or should have known that to do so would result in a collision, in forcing Decedent off of the roadway, in frightening Decedent, and/or in causing Decedent to lose control of his bicycle;

#7374901

ff.    In failing to properly control the tractor-trailer so as to avoid colliding with Decedent;

gg.    In failing to slow, stop or turn aside the tractor-trailer, or to take any other action to avoid colliding Decedent;

hh.    In failing to operate his vehicle at a safe rate of speed for the conditions of the highway there existing, including the highway grade, curve, size of travel lanes, traffic, shoulder and berm;

ii.    In failing to timely, adequately and properly inspect the tractor-trailer;

jj.    In failing to observe Decedent and/or in failing to timely observe the Decedent;

kk.    In failing to be cognizant of Decedent's location on the roadway prior to attempting to overtake his bicycle;

ll.    In changing lanes and/or attempting to change lanes in an unsafe manner and/or when it was unsafe to do so under the conditions then and there existing;

mm.    In continuing to operate the tractor-trailer and/or in continuing to attempt to pass Decedent when Defendant knew or should have known that Decedent was and/or could have been separated from his bicycle;

nn.    In continuing to operate the tractor-trailer and/or in failing to stop the tractor-trailer after contacting the Decedent and/or Decedent's bicycle and/or after Decedent became detached from the bicycle;

oo.    In failing to operate the tractor-trailer free of distractions;

pp.    In operating the tractor-trailer while fatigued and/or in violation of the hours in service regulations;

qq.    In operating the tractor-trailer without proper training, sufficient experience and/or adequate qualification in accident avoidance;

rr.    In operating the tractor-trailer when he knew that he was physically unfit, impaired and/or incapable of safely driving and properly controlling the tractor-trailer;

ss.    In operating the tractor-trailer on the highway when he knew or should have known that the tractor-trailer was improperly maintained, dangerous and unsafe;

tt.    In overloading, or in allowing the tractor-trailer to be overloaded, or unsafely loaded;

#7374901

uu. In failing to inspect, repair, service and/or otherwise maintain the tractor-trailer in a safe and proper working condition such that the failure to do so resulted in the vehicle being dangerous and/or unsafe;

vv. In operating a motor vehicle while text messaging, using an interactive wireless communications device to send, read or write a text-based communication and/or otherwise using a cellular phone or other interactive wireless communication device;

ww. In operating a motor vehicle while using a cellular phone, GPS and/or other electronic mobile device;

xx. In operating a motor vehicle while distracted;

yy. In failing to establish and/or enforce safe, proper and/or reasonable and adequate guidelines, regulations and/or instructions for its drivers in the prevention of collisions;

zz. In failing to establish and/or enforce safe, proper and/or reasonable and adequate guidelines, regulations and/or instructions for its drivers in the prevention of tractor-trailer versus bicycle collisions;

aaa. In failing to establish and/or enforce safe, proper and/or reasonable and adequate guidelines, regulations, and/or instructions for its drivers regarding overtaking, passing and/or encountering bicycles;

bbb. In failing to timely, adequately, and/or properly inform, instruct, teach and/or adequately train or retrain its drivers regarding proper and safe overtaking bicycles and/or regarding 75 Pa.C.S. § 3303;

ccc. In failing to timely, adequately, and/or properly inform, instruct, teach and/or adequately train or retrain its drivers as the passing and/or overtaking procedures and/or methods on roadways;

ddd. In failing to timely, adequately, and/or properly inform, instruct, teach and/or adequately train or retrain its drivers to inspect, maintain and operate the tractor-trailer, in such a manner that the tractor-trailer does not collide into vehicles, pedestrians and/or cyclists using the roadway;

eee. In failing to establish and/or enforce safe and proper guidelines, regulations and/or instructions regarding the operation of its drivers for transporting freight by tractor-trailer;

fff. In failing to establish and/or enforce procedures to ensure that its drivers operate tractor-trailers free from distractions, including, but not limited to, the use of interactive wireless communications devices, cellular phones, GPS or other electronic devices;

#7374901

ggg. In failing to timely, adequately, and/or properly inform, instruct, teach and/or adequately train or retrain its agents, servants, and/or employees to inspect, maintain and operate the tractor trailer, in such a manner that the tractor trailer does not collide into vehicles, pedestrians and/or cyclists using the roadway;

hhh. In failing to discipline and/or superintend, or adequately, properly and/or sufficiently discipline and superintend its drivers;

iii. In failing to enforce its own policies and procedures regarding the instruction, training, education, testing, supervision, management, and/or discipline of its drivers;

jjj. In failing to properly and/or adequately supervise the operations and/or management of its drivers;

kkk. In negligently entrusting the vehicle to the aforementioned unidentified operator of the tractor-trailer when the Defendant knew, or should have known, that said operator was not capable of safely operating the tractor-trailer on public highways;

lll. In allowing or entrusting the tractor-trailer to be operated by an improperly trained and/or unqualified individual or a driver prone to distraction;

mmm. In failing to adopt and/or enforce driver rules and regulations regarding truck drivers hours in service;

nnn. In failing to adopt and/or enforce driver rules and regulations prohibiting drivers from operating tractor-trailers while fatigued or without adequate rest;

ooo. In knowingly directing, ordering and/or permitting the tractor trailer to be operated by the aforementioned unidentified operator, who lacked proper qualification and/or fitness to safely operate the vehicle;

ppp. In knowingly directing, ordering and/or permitting the tractor trailer to be operated by the aforementioned unidentified operator, who was without proper training, sufficient experience and/or adequate qualification in accident and collision avoidance;

qqq. In failing to properly and/or adequately supervise the actions of its drivers;

rrr. In failing to properly and/or adequately instruct, train, retrain, educate, observe, manage, superintend and/or supervise its drivers as to safe transportation of materials by tractor-trailer on state highway;

sss. In failing to timely, properly, fully and/or adequately discipline its drivers;

#7374901

ttt. In operating the tractor trailer on the public highway when Defendant knew, or should have known, that the tractor-trailer was improperly maintained, dangerous and/or unsafe;

uuu. In failing to timely adopt, enforce and superintend adequate and proper rules and regulations to ensure that the tractor-trailer was properly inspected, serviced and/or maintained for use on the highway;

vvv. In failing to exercise that degree of care and caution required of a trucking company transporting freight on the public highway as set forth herein, where the Defendant's failure to do so created a hazard and/or danger to other motorists and a risk of collision;

www. In operating the tractor-trailer without fully, properly, adequately, and/or timely inspecting the tractor trailer to see that the tractor trailer was properly, fully and/or safely loaded so that the tractor-trailer would stop and/or slow appropriately and timely;

xxx. In operating the tractor trailer on the public highway when Defendant knew, or should have known, that the tractor trailer was unsafe because of overuse, overloading, improper maintenance, improper loading and/or unloading, and/or inadequate inspection;

yyy. In allowing individuals without proper training, sufficient experience and/or adequate qualification in accident avoidance and/or collision prevention to operate the tractor-trailer;

zzz. In allowing its drivers to operate a tractor-trailer with inadequate, worn, or other insufficient brakes and/or braking systems;

aaaa. In failing to establish and/or enforce driver rules and regulations regarding taking "short-cuts";

bbbb. In failing to have proper, safe, and skilled mechanics inspect, repair and service the tractor-trailer; and

cccc. In violating the ordinances, laws and statutes of the Commonwealth of Pennsylvania Motor Vehicle Code and/or United States Department of Transportation as aforesaid relative to the safe operation of motor vehicles, including vehicles used to transport freight.

41. As a direct and proximate result of the aforesaid incident, Plaintiff Decedent Alvin G. Lecker suffered the following injuries, which resulted in his death:

a. Blunt force trauma to the head;

b. Multiple scalp abrasions;

#7374901

      c.     Median occipital scalp laceration;

      d.     Comminuted focally depressed and displaced fracture, complex, involving the occipital, biparietal and bitemporal bones with comminuted extension into the posterior and middle cranial fossae bilaterally;

      e.     Patch bilateral subarachnoid hemorrhage;

      f.     Near-complete brain-stem transection at the pontomedullary junction;

      g.     Multiple abrasions and contusions to the extremities;

      h.     Bilateral rib fractures;

      i.     Other serious multiple injuries, including abrasions, contusions and lacerations as revealed in the Coroner's Report;

      j.     Conscious pain and suffering and/or pre-impact fright; and

      k.     Death.

42.    Plaintiff, as Administratrix, brings this Survival Action under 42 Pa. C. S. § 8302 on behalf of the Estate of Decedent.

43.    As a direct and proximate result of the negligence, carelessness, wantonness and recklessness of Defendant J.B. Hunt as aforesaid, Plaintiff, as the Administratrix of the Estate of Decedent, was injured and sets forth the following damages under the Survival Action:

      a.     Physical pain, suffering, mental torment endured by Decedent at or prior to the time of the accident until his death, including pre-impact fright;

      b.     The loss of earnings and lost earning capacity, which Decedent could have reasonably been expected to receive and earn from the date of the accident described above until Decedent's projected life expectancy;

      c.     The loss of life's pleasures;

      d.     Plaintiff has incurred expenses for the medical care and treatment rendered to Decedent from the time of the incident set forth above and following Decedent's death;

      e.     Loss of household services and economic value of Decedent's life and activities; and

#7374901

   f. All damages allowed under the Pennsylvania Survival Action statute, including estate administration expenses.

WHEREFORE, Plaintiff, as the Administratrix of the Estate of Alvin G. Lecker, demands judgment against Defendant J.B. Hunt in an amount in excess of $75,000.00, plus punitive damages, delay damages and costs.

## SECOND CAUSE OF ACTION

## WRONGFUL DEATH ACTION

44. Plaintiff incorporates by reference all the averments and allegations contained in Paragraphs 1 through 43 as if set forth at length.

45. The following individual is an heir at law to the Estate of Decedent and is entitled to inherit from the Estate in accordance with Intestate Succession Law of the Commonwealth of Pennsylvania:

   a. Decedent's mother, Carol Burgess Lecker.

46. Plaintiff as Administratrix of the Estate of Decedent for the benefit of herself and the Estate of Decedent brings this Wrongful Death Action under 42 Pa. C. S. § 8301.

47. As a direct and proximate result of the negligence, carelessness, wantonness and recklessness of Defendant J.B. Hunt as aforesaid, Plaintiff, as Administratrix of the Estate of Decedent, and for the benefit of the Wrongful Death claimants listed above, has been damaged as follows:

   a. Deprived of the reasonably expected support and income of Decedent;

   b. Deprived of the services, society, comfort, guidance, tutelage, care and companionship of Decedent;

   c. Profound emotional and psychological loss caused by the untimely death of Decedent;

   d. The Administratrix has incurred expenses for estate administration, funeral and burial of Decedent;

#7374901

  e. All damages allowed under the Pennsylvania Wrongful Death statute.

WHEREFORE, Plaintiff, as the Administratrix of the Estate of Alvin G. Lecker, demands judgment against Defendant J.B. Hunt in an amount in excess of $75,000.00, plus punitive damages, delay damages and costs.

**JURY TRIAL DEMANDED.**

            Respectfully submitted,
            EDGAR SNYDER & ASSOCIATES, LLC

            By: _____
            Christopher T. Hildebrandt, Esquire
            Attorneys for Plaintiff

#7374901